UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

    Plaintiff,

v.                                        CAUSE NO. 3:22-CV-107 DRL-MGG

JOHNSON *et al.*,

    Defendants.

OPINION AND ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed a complaint. ECF 2. A prisoner may not bring a civil action *in forma pauperis* if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Mr. Scruggs has at least three strikes.[1]

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (*quoting* 28 U.S.C. § 1915(g)). To meet

---

[1] (1) *Scruggs v. Alden*, 2:20-CV-0288-JPH-DLP (S.D. Ind. filed June 4, 2020), dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim on July 27, 2020. (2) *Scruggs v. McDaniel*, 2:19-CV-0110-JMS-DLP (S.D. Ind. filed March 5, 2019), dismissed pursuant to 28 U.S.C. § 1915A as frivolous and for failure to state a claim on May 8, 2019. (3) *Scruggs v. Miller*, 3:16-CV-0064-JD-MGG (N.D. Ind. filed Feb. 9, 2016), dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim on Sept. 30, 2016.

the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, Mr. Scruggs neither paid the filing fee nor alleged he was in imminent danger and sought leave to proceed *in forma pauperis*. He has sued seventeen separate defendants raising claims related to his access to legal materials, other property, his attorney, mail, and the courts. It cannot be plausibly inferred that he is in imminent danger of serious physical injury. He thus was required to prepay the filing fee.

Mr. Scruggs knows that he has three strikes. He was told he had acquired three strikes on July 27, 2020.[2] He was told again on January 11, 2022. *Scruggs v. Williams*, 3:21-CV-905-JD-MGG (N.D. Ind. filed Nov. 30, 2021) (denying *in forma pauperis* status and ordering Mr. Scruggs to pay the filing fee because he has three strikes and his case did not allege imminent danger of serious physical harm). In his January 11, 2022, order, Chief Judge Jon DeGuilio explicitly told Mr. Scruggs that "because he has accumulated three strikes, he must pre-pay the filing fee in any case where he is not alleging imminent danger of serious physical harm." Chief Judge DeGuilio further cautioned Mr. Scruggs that attempting to proceed without prepaying the filing fee when he is not in imminent

---

[2] *Scruggs v. Alden*, 2:20-CV-00288-JPH-DLP (S.D. Ind. filed June 4, 2020), order of July 27, 2020, ECF 8 ("Mr. Scruggs is reminded that he is now subject to the three-strike provisions of 28 U.S.C. § 1915(g). See *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 (2020) (holding that all dismissals for failure to state a claim are § 1915(g) strikes). Unless his claim concerns an actual imminent threat of serious physical injury, Mr. Scruggs may not now proceed in a civil action or appeal in federal court without full prepayment of the filing fee. *Id.* Mr. Scruggs must inform any federal court in which he attempts to commence a new lawsuit or appeal that he is subject to the § 1915(g) three-strike provision.").

danger of serious physical injury could result in him being restricted. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Despite knowing that he must *either* prepay the filing fee *or* allege imminent danger of serious physical harm and seek *in forma pauperis* status, Mr. Scruggs did neither. Instead, he filed this case without prepaying the filing fee, without mentioning that he is three-struck, and without alleging any facts suggesting he is in imminent danger of serious physical injury. He does not claim to have sent the filing fee or otherwise indicate that he has made any effort to pay the filing fee in this case. Thus, this case will be dismissed, the filing fee assessed, and Mr. Scruggs restricted from filing any new cases (and from filing in any of his closed cases) until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from continuing to litigate *Scruggs v. SinClair*, 3:16-CV-39-JD (N.D. Ind. filed Jan. 21, 2016); *Scruggs v. Dr. Shihadah*, 3:16-CV-722-PPS-MGG (N.D. Ind. filed Oct. 18, 2016); *Scruggs v. Miller*, 3:17-CV-423-JD-MGG (N.D. Ind. filed May 31, 2017); and *Scruggs v. Williams*, 3:21-CV-905-JD-MGG (N.D. Ind. filed Nov. 30, 2021). Nor does this order restrict him from filing a notice of appeal in any case or "impede him from making any filings necessary to protect him from imprisonment or other confinement, but [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

For these reasons, the court:

(1) ORDERS **Christopher L. Scruggs, IDOC # 957096**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the

money he receives for each calendar month during which he receives $10.00 or more, until the **$402.00** filing fee is paid in full;

(2) DIRECTS the clerk of court to create a ledger for receipt of these funds;

(3) DISMISSES this case WITHOUT PREJUDICE;

(4) DIRECTS the clerk of court to return, unfiled, any papers filed by or on behalf of Christopher L. Scruggs (unless filed in 3:16-CV-39-JD, 3:16-CV-722-PPS-MGG, 3:17-CV-423-JD-MGG, or 3:21-CV-905-JD-MGG), except for a notice of appeal or if filed in a criminal or habeas corpus proceeding, until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(5) DIRECTS the clerk to note on the docket of this case any attempted filings in violation of this order; and

(6) DIRECTS the clerk to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED.

February 11, 2022            *s/ Damon R. Leichty*
                                                 Judge, United States District Court