UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

    Plaintiff,

    v.                                     CAUSE NO. 3:22-CV-107-DRL-MGG

JOHNSON *et al.*,

    Defendants.

OPINION AND ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

In the complaint, Mr. Scruggs claims interference with his access to the courts against eleven defendants. He alleges that his attorney asked him for documents related to his criminal proceedings for the purpose of preparing a successive petition for post-conviction relief. These documents consisted of transcripts, filings, and orders related to his prior criminal and post-conviction proceedings. According to Mr. Scruggs, these documents are in the property room, but the defendants will not allow him to retrieve them and send them to his attorney.

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted, *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). "Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that

2

legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds).

Mr. Scruggs does not describe the purported post-conviction claims or explain how such claims are potentially meritorious. Nor is it clear how the lack of access to Mr. Scruggs' legal documents specifically prejudiced these claims. For example, he does not suggest that the lack of access caused the limitations period to expire or ultimately prevented him from obtaining post-conviction relief. He also does not explain why his attorney could not have obtained the legal documents on her own by requesting them from the courts. Absent allegations suggesting specific prejudice to a potentially meritorious claim, Mr. Scruggs may not proceed on an interference with access to the courts claim.

Mr. Scruggs further asserts that Lieutenant Crittenton and Sergeant McGraw violated his right to procedural due process by preventing him from making scheduled telephone calls to his attorneys on November 11, 2021. The Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. For convicted prisoners, due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit has held that even a ninety-day term of disciplinary segregation in which an inmate lost a substantial number of privileges, including telephone privileges, did not amount to "an atypical and

3

significant hardship." *Lekas v. Briley*, 405 F.3d 602, 605, 612 (7th Cir. 2005). The loss of telephone privileges for a single day cannot constitute an atypical and significant hardship, and Mr. Scruggs cannot proceed on this claim.

Next, Mr. Scruggs asserts claims against Lieutenant Crittenton, Sergeant McGraw, and Officer Timmings that they interfered with access to the courts, his attorney, and his family. He alleges that these officers placed him in a strip cell and then removed all documents from his property that included the addresses and telephone numbers of his attorney and his family members. He further alleges that he was able to retrieve his attorney's contact information from the law library but that loss of his family's contact information has alienated him from his family, except for one sister. For relief, he seeks monetary damages and an injunction requiring prison officials to provide him with his legal documents.

Mr. Scruggs has not described how any defendants specifically prejudiced a potentially meritorious claim. It is also unclear how the loss of his attorney's contact information amounts to a constitutional violation given that it is publicly available through legal directories, court records, or a simple Google search and given that Mr. Scruggs was able to retrieve it from the law library in short order. Nor is it clear how the confiscation of family contact information from his cell caused his family to alienate him given that inmates are allowed to make telephone calls only to individuals listed on Offender Telephone Lists maintained by the facility. *See* Indiana Department of Correction Administrative Procedure No. 02-01-105, Telephone Privileges (eff. March 15,

4

2003).[1] Because it is unclear how the confiscation of contact information amounted to a constitutional violation, Mr. Scruggs may not proceed on these claims.

Mr. Scruggs further asserts claims of interference with access to the courts and access to mail against Mailroom Clerks Johnson and K. Simic and Offender Trust Clerks G. Stone and Myers. He alleges that clerical staff improperly held his outgoing mail, which included a letter to his attorney and a retainer fee, for five weeks.

"The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "Prison regulations or practices that affect a prisoner's legal mail are of particular concern because of the potential for interference with a prisoner's right of access to the courts." *Id.* "Prison regulations or practices affecting a prisoner's receipt of non-legal mail also implicate First Amendment rights and must be reasonably related to legitimate penological interests." *Id.* "However, merely alleging an isolated delay or some other relatively short-term, non-content-based disruption in the delivery of inmate reading materials will not support, even as against a motion to dismiss, a cause of action grounded upon the First Amendment." *Id.*

Here again, Mr. Scruggs does not explain how these defendants prejudiced a potentially meritorious legal claim so he cannot proceed on an interference with access to the courts claim. Further, Mr. Scruggs describes only singular incidents of mail

---

[1] This policy is available at https://www.in.gov/idoc/files/02-01-105_AP_Telephone_Privileges_3-15-03.pdf.

5

interference with respect to Mailroom Clerks Johnson and K. Simic and Offender Trust Clerks G. Stone and Myers, so he may not proceed on claims against them.

Finally, Mr. Scruggs asserts claims against Mailroom Clerks Johnson and K. Simic and Caseworker Kennerk for interfering with his access to mail and to publications. He alleges that Mailroom Clerks Johnson and K. Simic improperly held his outgoing mail, which included an order for three books, including a dictionary of cliches and a hardback book, for two weeks in November 2021. When Mr. Scruggs submitted paperwork to have the hardback book sent home in January 2022, Caseworker Kennerk threw the paperwork away, and Mailroom Clerks Johnson and K. Simic have not sent the hardback book home. Mailroom Clerks Johnson and K. Simic have further refused to give him the dictionary of cliches. For relief, he seeks money damages and an injunction ordering prison officials to send his hardback book home and to give him his dictionary of cliches.

Significantly, this is not the only time Mr. Scruggs has attempted to assert a claim against these defendants based on these allegations. In *Scruggs v. Simic*, 3:22-CV-880 (N.D. Ind. filed Oct. 18, 2022), Mr. Scruggs similarly asserted interference with access to the court and interference with mail claims against Mailroom Clerks Simic and Everly and Caseworker Kennerk because they frustrated his efforts to order books in November 2021 and to send the hardback book home in January 2022. On June 26, 2023, the court granted Mr. Scruggs leave to proceed on a First Amendment claim for money damages against Mailroom Clerks Simic and Everly based on these allegations. "The district court has broad discretion to dismiss a complaint for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court."

*McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888–89 (7th Cir. 2012). "A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Id.* Because Mr. Scruggs proceeds on a similar claim based on the same allegations in 3:22-CV-880, the court dismisses the claims regarding the book orders in this case as duplicative.

In sum, the complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Scruggs may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this case number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Christopher L. Scruggs until **September 22, 2023**, to file an amended complaint; and

(2) CAUTIONS Christopher L. Scruggs if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

August 24, 2023

*s/ Damon R. Leichty*
Judge, United States District Court